UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAN B. HAMILTON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 18-1158 (CKK) |
| : | |
| MARCUS STEVENS, *et al.*, : | |
| : | |
| Defendants. : | |

# **MEMORANDUM OPINION**

Plaintiff Jan Hamilton ("Hamilton") filed this civil action in the Superior Court of the District of Columbia on September 28, 2017 and amended her complaint on April 17, 2018. The operative pleading is titled:

> Amended COMPLAINT OF NEGLECT, ABUSE & TORTURE IN DISALLOWING DUE PROCESS AND EQUAL PROTECTION FOR ELDERLY DISABLED, LESBIAN, RESULTING IN EXPLOITATION, EXTORTION, DEFAMATION OF CHARACTER FOR RECOVERY OF LOSSES AND DAMAGES

(Notice of Removal of Civil Action, Ex. A ("Am. Compl.") at 1 (page numbers designated by Hamilton) (emphasis in original)). Following removal of this action on May 17, 2018, it has come before the Court on defendants' motions to dismiss. For the reasons discussed below, the Court grants their motions and dismisses the complaint and this civil action with prejudice.[1]

---

[1] The Court's consideration focused on the following documents and their attachments or exhibits:
- Amended Complaint, ECF No. 1-2
- Defendant United States's Motion to Dismiss, ECF No. 5
- Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 9

1

## I. BACKGROUND

Hamilton returned to the District of Columbia after having resided for some time in Aspen, Colorado. (*See* Am. Compl. at 2-3.) She sought membership in Christ Church, Georgetown ("Christ Church"), of which Father Timothy Cole ("Cole") is the Rector. (*See id*. at 4.) Hamilton has alleged the following: (1) twice, on October 23, 2016, and November 13, 2016, she was assaulted physically by Assistant Rectors Kristin Lawley and Elizabeth Keeling with the support of Senior Warden Harry Volz; (2) she was denied membership in Christ Church; and (3) she was presented with a barring notice on November 13, 2016. (*See generally id*. at 4-6; *see also* Mem. of Law in Support of Defs.' Mot. to Dismiss Pl.'s Am. Compl. ("Church Defs.' Mem."), Ex. 1 at 24 (Barring Notice).) According to Hamilton, Cole and the other Church Defendants defamed her, (*see* Am. Compl. at 4-5,) negligently caused her physical injury, (*see id*. at 5-8,) discriminated against her on the bases of her religion, sex, age, marital status, sexual orientation, and disability, (*see generally id*. at 9-11,) and committed criminal offenses against her, (*see id*. at 20-21.) Hamilton has demanded an "award [of] all losses and damages of $250,000.00 in treble in the form of cashier's checks from each guilty party, the conspirator/perpetrators under the leadership and direction of Tim Cole . . . , Harry Volz, Kristin Hawley and Elizabeth Keeling[.]" (*Id*. at 23.)

- Defendants Peter Newsham and Valarie Scott's Motion to Dismiss, ECF No. 12
- Defendants Leslie Parson and Clifton Weaver's Motions to Dismiss, ECF No. 14
- Defendants Joseph Gonzalez and David Schertler's Motion to Dismiss, ECF No. 20
- Plaintiff's opposition, ECF No. 22
- Defendants' Reply in Support of their Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 23
- Reply in Support of the District Defendants' Motion to Dismiss, ECF No. 24
- Plaintiff's "Rebuttal," ECF No. 25

II. DISCUSSION

For purposes of this Memorandum Opinion, the Court presumes without deciding that all defendants properly have been served with process and that this Court may exercise personal jurisdiction over them.

A. Dismissal for Lack of Subject Matter Jurisdiction

The United States is substituted for defendants Channing Phillips, Wendy Pohlhaus, Scott L. Sroka, Hon. Rudolph Contreras, Hon. Lewis Babcock, Daniel F. Van Horn and Roger Kemp. If the Court were to construe Hamilton's amended complaint so liberally as to raise a tort claim against the federal government, or against a government officer or employee acting in his or her official capacity, the claim must proceed under the Federal Tort Claims Act ("FTCA"). The United States is the only proper defendant in a suit under the FTCA. *See, e.g., Hall v. Admin. Office of U.S. Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007). Even though Hamilton has not named the United States as a party, the Court overlooks this pleading defect and instead treats Hamilton's purported tort claim as if she brought it against the United States directly. *See, e.g., Hui v. Castaneda*, 559 U.S. 799, 810 (2010).

The FTCA allows a claimant to file a civil suit for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). This is a waiver of sovereign immunity, *see United States v. Mitchell*, 445 U.S. 535, 538 (1980), and "the terms of [the United States'] consent to be sued in any court define [the] court's jurisdiction to entertain the suit," *id*. (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

There are limitations under and exceptions to the FTCA which militate dismissal of any tort claim Hamilton purports to bring against the United States. Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of any tort claim Hamilton attempts to bring. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam) (affirming dismissal of FTCA claim where "[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court").

The United States argues that any tort claim Hamilton raises against it must be dismissed on the ground that she failed to exhaust her administrative remedies prior to filing this action. (*See* Def. United States's Mot. to Dismiss at 3.) Hamilton does not allege or otherwise demonstrate that she submitted a tort claim to the appropriate federal agency. Her failure to exhaust her administrative remedies deprives this Court of subject matter jurisdiction, *see GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987), and her purported tort claim against the United States must be dismissed, *see, e.g., Evans v. Tyler*, No. 17-CV-02728, 2018 WL 5312189, at *3 (D.D.C. Oct. 26, 2018) ("Thus, to the extent Plaintiff's Complaint can be construed to state a claim under the FTCA, the court dismisses the Complaint for lack of subject-

matter jurisdiction for failure to exhaust administrative remedies."); *Coulibaly v. Pompeo*, 318 F. Supp. 3d 176, 188 (D.D.C. 2018) (dismissing FTCA claim where plaintiff "has not demonstrated that he has exhausted his administrative remedies under the FTCA to pursue a claim against the United States").

B. Dismissal Under Rules 8(a) and 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It also "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Cheeks v. Fort Myer Construction Corp.*, 71 F. Supp. 3d 163, 168 (D.D.C. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Its factual allegations must "'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (ellipses in original). In other words, a plaintiff must plead sufficient factual content to provide each defendant with "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citation omitted); *see Mayfield v. Garcia*, No. 16-CV-0805, 2018 WL 1135642, at *3 (D.N.M. Feb. 28, 2018) ("Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court.").

A party may move to dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A

complaint survives such a motion if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While "detailed factual allegations" are not required, *Twombly*, 550 U.S. at 555; *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary[.]"), a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678; *see Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012).

A complaint drafted by a *pro se* party is held to a less stringent standard than would be applied to a complaint drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court's duty to liberally construe a *pro se* party's submission is not "a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009); *see Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001) ("[T]he less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations."). The Court should not "rewrite a petition to include claims that were never presented," *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), or "conjure up and decide issues never fairly presented to [the Court,]" *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

1. District of Columbia Defendants

Among the defendants listed in the caption of the amended complaint are: Marcus Stevens, Clifton Weaver, David Edelstein, Shelika Brooks, Latisha Goodwin, Leslie Parsons, Chief Newsham, Karl Racine, and Valarie Scott. Counsel has filed two substantially motions, one on behalf of Newsham, Racine and Scott, (ECF No. 12,) and the other on behalf of Parsons and Weaver, (ECF No. 14.) Although no motion has been filed on behalf of Stevens, Edelstein,

Brooks and Goodwin, the arguments the others make apply equally to all District of Columbia defendants.

The District of Columbia defendants move to dismiss Hamilton's amended complaint in part under Rule 8(a) on the ground that the pleading fails put them on notice of a claim against them. (Mem. of P. & A. in Support of the District Defs.' Mot. to Dismiss, ECF No. 12 ("District Defs.' Mem.") at 6.) While certain of the District of Columbia Defendants' names appear in the amended complaint, (*see, e.g.*, Am. Compl. at 8, 14,) Hamilton "makes no mention" of the others, (District Defs.' Mem. at 7.) Furthermore, these defendants argue, her pleading fails to identify "any alleged acts attributable to them which she claims gave rise" to this action. (*Id*.) The Court concurs. Based on the Court's review of the amended complaint, with its vague assertions and disorganized presentation, Hamilton fails to allege facts to support a legal claim against any of the District of Columbia defendants.

          2. Schertler and Gonzalez

Schertler & Oronato LLP is a law firm of which David Schertler is the managing partner. (*See* Mem. of P. & A. in Support of Defs. Joseph Gonzalez and David Schertler's Mot. to Dismiss, ECF No. 20-1 ("Gonzalez & Schertler Mem.") at 1.) These defendants represent that Cole retained the firm in connection with two lawsuits Hamilton filed in the Superior Court, *see Hamilton v. Cole*, No. 2016 CA 008423 B (D.C. Super. Ct. Nov. 18, 2016); *Hamilton v. Cole*, No. 2017 CA 003152 (D.C. Super. Ct. May 5, 2017), and that Joseph Gonzalez, an associate at the firm, served as lead counsel, (Gonzalez & Schertler Mem. at 1.)

According to the amended complaint, Gonzalez and Schertler prepared court documents, and in so doing Hamilton suggests that they discriminated against her on the bases of her religion, sex, age, marital status and sexual orientation, (Am. Compl. at 10,) presumably in

7

violation of the District of Columbia Human Rights Act, certain language of which Hamilton appears to have copied, (*see id*. at 9-19; *see also* D.C. Code § 1402.31(a).) An allegation that Schertler and Gonzalez prepared court documents falls far short of a viable legal claim.

### 3. Church Defendants

The Church Defendants move to dismiss on the ground that, under the doctrine of res judicata (claim preclusion, all of Hamilton's claims, particularly those against defendants Tim Cole, Kristin Hawley, Elizabeth Keeling, and Harry Volz, are barred. (*See* Church Defs.' Mem. at 9-12.) Additionally, insofar as Hamilton's amended complaint fails to allege any wrongdoing on the part of 18 of 22 Church Member Defendants," (*id*. at 12,) it fails to state a claim against defendants Jennifer Lee, Kathy Carmen, Margaret Costan, Betsey Rackley, Rich Schaberg, Henry Courtney, Paul Gambral, Dana Harris, Ted Jackson, John Korsimo, Jane Matz, Molly Peacock, Bob Szabo, Mary (Puffin) Travers, Martha Miller, Becky Reic, Chad Thorney, and Rufus Peckhim, (*id*. at 12-13.)

Generally, a plaintiff is expected to "present in one suit all the claims for relief that [she] may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). "A subsequent lawsuit is barred by claim preclusion 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Nat'l Res. Def. Council v. EPA*, 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)); *see Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("[C]laim preclusion . . . forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'") (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748

8

(2001))). Two claims need not be "literally identical" for claim preclusion to apply. *Capitol Hill Grp. v. Pillsbury Winthrop Shaw Pittman, LLP*, 574 F. Supp. 2d 143, 149 (D.D.C. 2008), *aff'd sub nom. Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485 (D.C. Cir. 2009). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). Parties are thus prevented from relitigating in a separate proceeding "any ground for relief which they already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity," and regardless of the soundness of the earlier judgment. *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously").

This Court may take judicial notice of public records from other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005). The Church Defendants have attached copies of Superior Court records demonstrating that Hamilton has filed two prior civil actions against them arising from the same events set forth in this federal court case.

### No. 2016 CA 8423 B

On November 18, 2016, in the Superior Court of the District of Columbia, Hamilton filed a civil action against Cole, Hawley, Keeling, Volz, and the remaining Church Defendants (with the exception of Rufus Peckhim), raising claims pertaining to alleged assaults she sustained on October 23, 2016 and November 13, 2016, the barring order, and denial of membership at Christ Church. (*See generally* Church Defs.' Mem., Ex. 1 (Complaint, *Hamilton v. Cole*, No. 2016 CA 8423 B (D.C. Super. Ct. Nov. 18, 2016) at 1-4.) Hamilton also alleged assault, battery, libel,

9

slander, and violations of rights protected under the First and Fourteenth Amendments to the United States Constitution, among other claims. (*See id.*, Ex. 1 at 3-4.)

On February 17, 2017, Judge Michael L. Rankin issued an oral ruling granting the Church Defendants' motion to dismiss, and issued a written order on June 13, 2017, denying Hamilton's motion for reconsideration:

> At the initial scheduling conference, the court heard argument from the parties on the defendants' motion to dismiss Based on the plaintiff's statements on the record, and the reasons stated in court, the undersigned found that the essence of this dispute is ecclesiastic decision-making beyond this court's jurisdiction, and that the plaintiff's subsidiary allegations do not state a claim upon which relief can be granted in a civil court. The motion for reconsideration does not overcome the aforementioned defects, which divest the court of subject matter [jurisdiction] over the instant matter.

(*Id.*, Ex. 5 (Order, *Hamilton v. Cole*, No. 2016 CA 8423 B (D.C. Super. Ct. June 13, 2017.)) Hamilton appealed, and the District of Columbia Court of Appeals granted the Church Defendants' motion for summary affirmance. (*Id.*, Ex. 6 (Judgment, *Hamilton v. Cole*, No. 17-CV-166 (D.C. Ct. of App. Feb. 20, 2018)).)

No. 2017 CA 3152 B

Undaunted, on May 5, 2017, Hamilton filed a second complaint in the Superior Court. (*Id.*, Ex. 2 (Complaint of Defamation of Character Against Defendant and His Conspirators with Recovery of Losses and Damages, *Hamilton v. Cole*, No. 2017 CA 3152 B (D.C. Super. Ct. May 5, 2017)).) It, too, named all the Church Defendants (except Rufus Peckhim), and pertained to the alleged assaults on October 23, 2016 and November 13, 2016. (*See generally id.*, Ex. 2 at 1, 4-6.) Judge John M. Campbell granted Cole's motion and dismissed the case with prejudice:

> Plaintiff's rhetoric aside, the plain and unavoidable fact is that last year the plaintiff filed a similar complaint making the same allegations against the same group of defendants. That case, *Hamilton v. Cole, et al.*, 2016 CA 8423, was heard and dismissed on

> the merits, with prejudice. Under the well-known doctrine of *res judicata* (or claim preclusion), a person is barred from relitigating matters that have already been litigated, as well as claims that could have been litigated in the earlier proceeding . . . . This complaint covers essentially the same ground as the 2016 complaint, dressed up in slightly different language, and arises from the same incident. It cannot survive.

(*Id*., Ex. 3 (Order, *Hamilton v. Cole*, No. 2017 CA 003152 B (D.C. Super. Ct. Aug. 29, 2017)).)

It is apparent that Hamilton's amended complaint in this district court brings the same claims against the same parties she brought in both of her prior Superior Court cases. Her claims arise from the same nucleus of facts, namely the alleged assaults she sustained on October 23, 2016 and November 13, 2016, denial of membership in Christ Church, and the barring notice. Without question, the Superior Court is a court of competent jurisdiction, and its dismissal of Hamilton's prior cases operates as an adjudication on the merits for purposes of res judicata. *See, e.g., Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Polsby v. Thompson*, 201 F. Supp. 2d 45, 49 (D.D.C. 2002). Therefore, the claims Hamilton purports to bring in this federal district court are precluded.

III. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over Hamilton's tort claims against the United States and that Hamilton's amended complaint fails to state claims against any of the remaining defendants upon which relief can be granted. Accordingly, the defendants' motions to dismiss are granted. An Order is issued separately.

DATE: March 5, 2019        /s/
                           COLLEEN KOLLAR-KOTELLY
                           United States District Judge