UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAN B. HAMILTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-1158 (CKK) |
| | : | |
| MARCUS STEVENS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

On March 5, 2019, the Court granted the defendants' motions to dismiss and dismissed plaintiff's complaint and this civil action with prejudice. *See Hamilton v. Stevens*, No. 18-cv-1158, 2019 WL 1046632 (D.D.C. Mar. 5, 2019). This matter has come before the Court on the plaintiff's motion to reconsider. The Federal Rules of Civil Procedure do not mention a motion to reconsider, and the Court treats the plaintiff's motion as one under Rule 59(e) to alter or amend a judgment, because the plaintiff has filed her motion within 28 days after entry of judgment. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998).

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks and citations omitted). Relief under Rule 59(e) is granted only in "extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku*, 151 F.3d at 1057). The motion "is not a second opportunity to present argument upon which the Court has already ruled,

nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Co.'s v. United States*, 173 F.R.D. 1, 3 (D.D.C.1997), *aff'd sub nom. Hicks v. United States*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999).

Based on the Court's review of the motion, the plaintiff both repeats factual allegations of her amended complaint and strays beyond the limits of that pleading by naming new parties and describing events which occurred after the Court issued its ruling. The plaintiff does not identify an intervening change of controlling law or articulate a need to correct an error or prevent manifest injustice. Absent any showing by the plaintiff that there exist extraordinary circumstances to justify relief under Rule 59(e), it is hereby

ORDERED that the plaintiff's Motion to Reconsider Dismissal With Prejudice in Matter of Tim Cole, et al. & Marcus Stevens, et al. In These Combined Cases Due to New Evidence of Additional Church Abuse with Police Neglect of Equal Protection and Due Process of the 14th Amendment [27] is DENIED; and it is further

ORDERED that the Church Defendants' requests to impose filing restrictions on the plaintiff and for an award of attorney fees are DENIED WITHOUT PREJUDICE.

This is a final appealable Order.

SO ORDERED.

DATE: April 26, 2019         /s/
                             COLLEEN KOLLAR-KOTELLY
                             United States District Judge